UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24094-BLOOM/Torres

STRIKE 3 HOLDINGS, LLC,

 Plaintiff,

v.

JOHN DOE subscriber assigned IP address 73.49.237.100,
an individual,

 Defendant.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Strike 3 Holdings, LLC's Motion for Reconsideration of the Court's Orders of Dismissal, ECF No. [9] ("Motion"), filed on November 24, 2023. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**

Plaintiff asserts a single claim for direct copyright infringement against Defendant, an individual identified by their subscriber assigned IP address, 73.49.237.100. On October 20, 2023, the Court dismissed this case with prejudice. *See* ECF No. [5] ("Dismissal Order"). The Dismissal Order observed "Plaintiff brought the same direct copyright infringement claim in two previous actions before this Court." *Id.* (citing *Strike 3 Holdings, LLC v. Doe*, Case No. 23-cv-20336-BB; *Strike 3 Holdings, LLC v. Doe*, Case No. 23-cv-22815-BB). The Court accordingly dismissed this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a), which provides "if the plaintiff previously dismissed any federal-or-state-court action based on or including the same

claim, a notice of dismissal operates as an adjudication on the merits." *Id.* The Court subsequently denied Plaintiff's Motion for Leave to Serve a Third-Party Subpoena, ECF No. [7], as moot. *See* ECF No. [8].

Plaintiff's Motion contends the Dismissal Order's finding that Plaintiff previously brought the same copyright infringement claim in two previous actions is clearly erroneous. Plaintiff argues this is the case because the two prior cases on which the Court relied featured different claims. The Motion accordingly requests the Court vacate its Dismissal Order, its Order denying Plaintiff's Motion to Serve a Third-Party Subpoena as moot, and re-open this case.

**II. LEGAL STANDARD**

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court

by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

**III. DISCUSSION**

As noted above, the Motion contends reconsideration is needed to correct clear error, namely, the Dismissal Order's erroneous finding that the copyright infringement claim at issue is the same claim previously dismissed in *Strike 3 Holdings, LLC v. Doe*, Case No. 23-cv-20336-BB and *Strike 3 Holdings, LLC v. Doe*, Case No. 23-cv-22815-BB. The Court agrees that this finding is clearly erroneous, and that reconsideration is therefore warranted.

Plaintiff accurately observes "[t]he two dismissal rule does not bar a subsequent suit, but instead merely states that when the rule applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of res judicata which bars subsequent suits on the same cause of action." *W. Grp. Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1368 (S.D. Fla. 2002) (collecting cases). Moreover,

> The doctrine of claim preclusion, sometimes referred to as *res judicata*, "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *see Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (claim preclusion and issue preclusion are collectively referred to as "res judicata"). Claim preclusion bars a subsequent lawsuit when four elements are present: (1) a final judgment on the merits was entered; (2) the prior decision was rendered by a court of competent jurisdiction; (3) the parties, or those

Case 1:23-cv-24094-BB   Document 10   Entered on FLSD Docket 02/22/2024   Page 4 of 5

Case No. 23-cv-24094-BLOOM/Torres

in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

*Sealey v. Branch Banking & Tr. Co.*, 693 Fed. Appx. 830, 833 (11th Cir. 2017).

Plaintiff argues the doctrine of claim preclusion is inapplicable because the prior cases featured different causes of action and different defendants. The Court agrees. As Plaintiff correctly points out, "[i]n determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Moore v. Birmingham Public Library*, 559 Fed. Appx. 847, 849 (11th Cir. 2014) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999)). This requires determining "whether the prior and present causes of action 'arise[] out of the same nucleus of operative fact, or [are] based upon the same factual predicate.'" *Id.* (quoting *Ragsdale*, 193 F.3d at 849). Here, although all three cases feature a claim for direct copyright infringement, each case involves alleged infringement of different copyrighted works by different defendants identified by their distinct IP addresses. *See generally* ECF No. [1]; *Strike 3 Holdings, LLC v. Doe*, Case No. 23-cv-20336-BB, ECF No. [1]; *Strike 3 Holdings, LLC v. Doe*, Case No. 23-cv-22815-BB, ECF No. [1]. The copyright infringement claim at issue here is accordingly distinct from the similar claims in those two prior cases, as all three cases concern different factual predicates and different individual defendants.

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration, **ECF No. [9]**, is **GRANTED**.

2. The Court's Order of Dismissal with Prejudice, **ECF No. [5]**, is **VACATED**.

3. The Court's Order Denying Plaintiff's Motion for Leave to Serve a Third-Party Subpoena as Moot, **ECF No. [8]**, is **VACATED**.

Case No. 23-cv-24094-BLOOM/Torres

4. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena, **ECF No. [7]**, is **GRANTED**. The Court finds Plaintiff establishes good cause to serve a third-party subpoena on Comcast Cable ("Comcast").

5. Plaintiff may serve Comcast with a Rule 45 subpoena commanding Comcast to provide Plaintiff with the true name and address of the Defendant to whom Comcast assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach a copy of this Order to any such subpoena.

6. If Comcast qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), it must send a copy of this Order to Defendant pursuant to 47 U.S.C. § 551(c)(2)(B).

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Comcast for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 21, 2024.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies To:

Counsel of Record