UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24094-BLOOM/Elfenbein

**STRIKE 3 HOLDINGS, LLC**,

 Plaintiff,

v.

**JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 73.49.237.100**,

 Defendant.
_____/

## ORDER ON MOTION TO QUASH

**THIS CAUSE** is before the Court on Defendant John Doe subscriber assigned IP address 73.49.237.100's ("Defendant") Motion to Quash Subpoena (the "Motion"), ECF No. [12]. The Honorable Beth Bloom has referred this matter to me "for disposition." ECF No. [14]. Having reviewed the Motion, record, and relevant law, I find that the Motion should be **DENIED** in part and **GRANTED** in part.

I. BACKGROUND

On October 26, 2023, Plaintiff Strike 3 Holdings, LLC ("Plaintiff") — "the owner of award-winning, critically acclaimed adult motion pictures" — filed a Complaint for copyright infringement based on Defendant's alleged use of "BitTorrent protocol" to download and distribute Plaintiff's copyrighted films. ECF Nos. [1] and [1-2]. Shortly after filing the Complaint, Plaintiff, on November 10, 2023, moved the Court for leave to serve discovery on Comcast Cable ("Comcast") — Defendant's internet service provider — in the form of a subpoena filed under Rule 45 of the Federal Rules of Civil Procedure ("the Rule 45 Subpoena") to "learn Defendant's identity, investigate Defendant's role in the [alleged copyright] infringement, and effectuate

service." ECF No. [7] at 2.  Plaintiff claims that without the information it seeks, it cannot serve Defendant or protect its copyrights.  *See id.*  The Court granted Plaintiff's request on February 21, 2024, finding that Plaintiff established good cause to serve a third-party subpoena on Comcast. *See* ECF No. [10] at 5.

Several months later, Defendant filed the instant Motion, seeking to quash the Rule 45 Subpoena Plaintiff issued on Comcast.  *See* ECF No. [12] at 3-4.  In that pleading, Defendant argues that (1) Comcast's compliance with the Rule 45 Subpoena would violate 47 U.S.C. § 551[1], and (2) Plaintiff has provided no evidence proving that Defendant violated its copyright.  *See id.* Alternatively, should the Court deny his request to quash the Rule 45 Subpoena, Defendant asks the Court to enter a protective order so that his or her identity is protected from public disclosure during the pendency of the instant litigation.  *See id.* at 4.  Plaintiff, for its part, opposes the quashing of the subpoena on the ground that the "denial of liability is not a basis to quash a Rule 45 subpoena[,]" ECF No. [13] at 2 (quoting *Plastic The Movie Ltd. v. Doe*, No. 15-21310, 2015 WL 5634625, at *2 (S.D. Fla. Sept. 24, 2015)), but agrees to the entry of a protective order, *see id.* at 3-4.

## II.     DISCUSSION

Defendant's arguments challenging the Rule 45 Subpoena lack merit.  Neither (1) a violation of § 551 nor (2) Plaintiff's lack of evidence proving Defendant committed the alleged copyright infringement are grounds to quash the Rule 45 Subpoena issued on Comcast. Nevertheless, the Court finds that Defendant has established good cause for the entry of a

---

[1] In the Motion, Defendant references "the Federal Cable Privacy Act[,]" ECF No. [12] at 3; however, "the Federal Cable Privacy Act" does not appear to exist and Defendant does not provide a statutory citation that would allow the Court to confirm its existence.  Nevertheless, the Court is aware of 47 U.S.C. § 551, which protects the privacy of internet subscribers.  The Court will assume that Defendant is referring to § 551 when referencing "the Federal Cable Privacy Act."

protective order — a conclusion with which Plaintiff agrees.  The Court explains its reasoning below.

### A. Motion to Quash

"Pursuant to Rule 45, a Court may quash a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden." *Malibu Media, LLC v. Doe*, No. 14-CV-2351, 2015 WL 12850584, at *2 (M.D. Fla. Jan. 22, 2015) (citing Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv)), *report and recommendation adopted*, 2015 WL 574274 (Feb. 11, 2015).  "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Id.* (citations omitted).

Reading the Motion liberally, I interpret Defendant as attempting to proceed under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), which allows a subpoena to be quashed if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," when he argues that Comcast's disclosure of his identity would violate § 551.  As to Defendant's innocence argument, it is unclear under which — if any — subsection of Rule 45(d)(3)(A) that argument falls.  Whatever the case, the Court finds neither argument persuasive.

Taking the § 551 argument first, Defendant correctly asserts that federal law precludes internet service providers from "disclos[ing] personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber[.]"  47 U.S.C. § 551(c)(1).  However, disclosures absent a subscriber's authorization are permitted where the disclosure is made pursuant to a court order.  47 U.S.C. § 551(c)(2)(B) ("A[n] [internet service provider] may disclose [personally identifying information concerning a subscriber] if the

disclosure is . . . made pursuant to a court order authorizing such disclosure[.]"); *see also Kathman v. Fonbuena L. Firm, CHTD.*, No. 22-CV-2888, 2024 WL 245975, at *1 (M.D. Fla. Jan. 23, 2024) ("[Title 47 U.S.C.§ 551(c)(2)(B)] requires [the defendant] to seek leave from this court before serving the subpoenas because T-Mobile and WideOpenWest are internet service providers with sensitive subscriber information[.] (citation omitted)). Here, Plaintiff sought and received leave from this Court to issue the Rule 45 Subpoena on Comcast. *See* ECF No. [10] at 5 ("Plaintiff may serve Comcast with a Rule 45 subpoena commanding Comcast to provide Plaintiff with the true name and address of the Defendant[.]"). Comcast's disclosure of Defendant's identity and address would not violate the dictates of § 551(c)(1) and, therefore, cannot serve as a basis for quashing the Rule 45 Subpoena.

Defendant's innocence argument is similarly unpersuasive. As Plaintiff correctly acknowledges in its Response, "a 'denial of liability is not a basis to quash a Rule 45 subpoena.'" ECF No. [13] at 2 (quoting *Plastic The Movie Ltd. v. Doe*, No. 15-21310, 2015 WL 5634625, at *2 (S.D. Fla. Sept. 24, 2015)). This is because claims of innocence "go to the merits of the action and are not relevant as to the validity or enforceability of a subpoena[.]" *Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 WL 1228383, at *2 (N.D. Ill. Mar. 24, 2014) (quotation omitted). In any event, Defendant's claims of innocence provide the Court with all the more reason to enforce the subpoena as "discovery is likely to reveal the identity of the correct defendant." *Malibu Media, LLC v. John Does 1-13*, No. 12-CV-177, 2012 WL 3062138, at *4 (M.D. Fla. June 6, 2012) (quoting *Penalbert–Rosa v. Fortuno–Burset*, 631 F.3d 592, 596 (1st Cir. 2011)).

For the reasons explained above, Defendant's arguments asserting (1) a violation of § 551 and (2) his innocence of the alleged copyright infringement fail to provide the Court with grounds

to quash the Rule 45 Subpoena; and, thus, Defendant's request to quash the Rule 45 Subpoena is denied.

### B. Protective Order

In the alternative, Defendant seeks a protective order preventing the public disclosure of his or her identity during the pendency of the instant litigation. *See* ECF No. [12] at 4. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). Here, Plaintiff does not oppose the entry of a protective order, explaining in its Response that it "sent Defendant a Joint Motion for Stipulated Protective Order . . . , but Defendant has not yet responded to that proffer." ECF No. [12] at 3-4. Considering the facts of this case in light of the allowance made by Rule 26(c), the Court finds that the entry of a protective order would balance the interests of both parties by sparing Defendant the public embarrassment of disclosure of his or her identity while allowing Plaintiff to investigate and prosecute its claim. The Court, therefore, finds that good cause exists for the entry of a protective order in this case.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant John Doe subscriber assigned IP address 73.49.237.100's Motion to Quash Subpoena, **ECF No. [12]**, is **GRANTED** in part and **DENIED** in part. Defendant John Doe subscriber assigned IP address 73.49.237.100's request to quash the Rule 45 Subpoena issued on Comcast Cable is **DENIED**. Defendant John Doe subscriber assigned IP address 73.49.237.100's request for the entry of a protective order is **GRANTED**. Defendant John Doe subscriber assigned IP address 73.49.237.100 may proceed in this litigation under the pseudonym "John Doe" until ordered

otherwise by the Court. Upon learning Defendant's true identity, Plaintiff shall publicly file an amended complaint that redacts every reference to Defendant's true identity and shall contemporaneously file a motion to seal, attaching an unredacted copy of the amended complaint that reveals the Defendant's true identity. *See Strike 3 v. Doe*, No. 22-CV-62152-BLOOM, ECF No. [13] (S.D. Fla. 2022). Any other filings entered in this case that identify Defendant by his or her true identity must be filed under seal until the Court orders otherwise.

      **DONE and ORDERED** in Chambers in Miami, Florida on May 29, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record